JOHN J. GARRETT *v.* JAMES MORGAN, Sheriff of the parish of St. Landry.

Plaintiff having purchased a slave from a third person, transferred to the latter in payment of the price a part of a twelve-month's bond. In taking out execution on the bond, plaintiff's attorney, by mistake, ordered the clerk to credit the execution with the amount of the part of the bond so transferred. The balance due on the bond having been collected by the sheriff, the transferree claimed to be paid the amount transferred to him out of the sum in the hands of the sheriff, in preference to plaintiff: *Held,* that the transferree cannot be prejudiced by the mistake of the plaintiff's attorney, and is entitled to the amount claimed.

Letters written by a third person to an agent are inadmissible in evidence against the principal.

APPEAL from a judgment of the District Court of St. Landry, *Boyce,* J., against the plaintiff, and in favor of Joseph Hughes, who had intervened in the suit, claiming the amount in defendant's hands.

BULLARD, J. The plaintiff brought his action against the sheriff of the parish of St. Landry, alleging that he had collected for

him, on a writ of *fieri facias* against John L. Daniel, the sum of five hundred and fifty dollars, which he had refused to pay over.

Joseph Hughes intervened in the case, and opposed the payment by the sheriff to the plàintiff, alleging that the money had been made on an execution issued on a twelve-month's bond given by Daniel, and that the intervenor had paid to the plaintiff a part of the bond or judgment, and had taken a transfer from the plaintiff of the judgment to that amount, that is to say, $550, now in the hands of the sheriff. He, therefore, prays for judgment ordering the sheriff to pay the same over to him, and not to the plaintiff.

The facts appear to be, that Hughes sold to the plaintiff, by his agent, Joshua Baker, a slave for $550, and in payment took a transfer of that amount of the judgment or twelve-month's bond against J. L. Daniel in his favor. That afterwards Splane, the plaintiff's counsel, ordered out execution on the bond, and wrote to the clerk, "that the bond is entitled to a credit of five hundred and fifty dollars, paid on the 17th day of August, 1842, in the sale of a negro boy Tom, by Joshua Baker, agent of Hughes, to said Garrett." According to this instruction, the clerk credited the execution with that amount, and the sheriff proceeded to make the balance due upon the judgment, and out of that sum the intervenor claims the right to be paid the amount for which the plaintiff had transferred the judgment to him.

The evidence is quite satisfactory, that the price of the slave sold by Hughes was not intended to extinguish the judgment against Daniel *pro tanto*, but that Hughes became thereby, in relation to Garrett, a part owner of the twelve-month's bond. The attorney of Garrett was evidently mistaken in supposing, that the execution was to be credited with that amount, and the intervenor cannot be prejudiced by that mistake.

The court, in our opinion, did not err in rejecting, as evidence against Hughes, letters written by Daniel to Joshua Baker ; but, even if admitted, they are far from proving that Hughes intended to pay the judgment, without a subrogation to the rights of Garrett.

The judgment of the District Court is, therefore, affirmed, with

costs, reserving to the plaintiff whatever legal remedy or right he may have of proceeding against the principal and sureties on the twelve-month's bond, for the purpose of setting aside and annulling the credit entered on the same, if made in error, or without consideration, and of enforcing the same.

*Splane*, for the appellant.

*T. H.*, and *W. B. Lewis*, for the defendant, and intervenor.